**UNITED STATES BANKRUPTCY COURT**

In re: Zanub Raza

Docket No. 17-148-FJB
Chapter 7

|  |  |
|---|---|
| ROMAN BEYLIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ZANUB RAZA, | ) |
| | ) |
| Defendant | ) |

Adversary Proceeding No.
18-01040-FJB

## ANSWER TO COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. §523

Zanub Raza, the Debtor in the above-captioned Chapter 7 case and Defendant in the above-captioned Adversary Proceeding (the "Debtor" or "Ms. Raza"), hereby responds to the Complaint for Determination of Non-Dischargeability Pursuant to 11 U.S.C. §523 (the "Complaint"), by and through her undersigned counsel. Debtor first denies each and every substantive allegation in the preamble Paragraph to the Complaint. Debtor responds to the numbered Paragraphs of the Complaint, as follows:

1. Admitted.

2. Admitted.

3. Admitted that Mr. Beylin is a young adult who eventually earned his college degree; other allegations in this paragraph are denied.

4. Denied. Mr. Beylin did not earn his degree until 2014, after he began working at CLSA.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that in or around November 2013, Mr. Beylin had obtained both his Series 7 and Series 63 Securities licenses; other allegations in this paragraph are denied.

9. Denied.

10. Denied.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Admitted that Ms. Raza contemplated a career change and said as much to Mr. Beylin; other allegations in this paragraph are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Ms. Raza has no knowledge as to the allegations of this paragraph. Ms. Raza adds that Mr. Beylin misrepresented to CLSA and on his FINRA application about having graduated from

college and she suggests that any complaint alleged in this paragraph concerned Mr. Beylin's mistruths.

22. Ms. Raza has no knowledge as to the allegations of this paragraph.

23. Denied to the extent Mr. Beylin wrongfully accuses Ms. Raza of making the complaint; otherwise, Ms. Raza has no knowledge as to the allegations of this paragraph.

24. Denied. Ms. Raza did not make the complaint.

25. Ms. Raza has no knowledge as to the allegations of this paragraph.

26. Admitted to the extent that Mr. Beylin created disagreements generally marked by his jealous behavior and overuse of alcohol and which involved verbal abuse directed toward Ms. Raza as well as that Ms. Raza tried to break up with Mr. Beylin on several occasions but he convinced her to remain in the relationship after giving apologies and making promises to change his behavior; otherwise, the allegations in this paragraph are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied. Ms. Raza informed Mr. Beylin that she was pregnant in May 2014.

33. Denied. Mr. Beylin told Ms. Raza that he did not want the child, that he would not support the child, and that Ms. Raza was on her own.

34. Denied. Mr. Beylin told Ms. Raza that he did not want the child, that he would not support the child, and that Ms. Raza was on her own.

35. Admitted that Ms. Raza had multiple medical visits during the pregnancy and that she experienced various complications during it; otherwise, the allegations and characterizations in this paragraph are denied.

36. Denied. Mr. Beylin attended one appointment with Ms. Raza during the entire pregnancy.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied. Mr. Beylin and Ms. Raza would break up but then Mr. Beylin would ask her to attend a wedding with him or go to some other dinner or event.

43. Denied.

44. Admitted that Ms. Raza informed people that she was pregnant, including but not limited to people Ms. Raza and Mr. Beylin both knew in common; otherwise, the remaining allegations and characterizations in this paragraph are denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Admitted that Ms. Raza kept Mr. Beylin's mother informed about the pregnancy per Mr. Beylin's mother's request; also admitted that Ms. Raza had obtained the telephone number of Mr. Beylin's sister during a visit Mr. Beylin and Ms. Raza made to Mr. Beylin's sister in New York and that Ms. Raza spoke to Mr. Beylin's sister during the pregnancy after Mr. Beylin's sister initiated contact; otherwise, the remaining allegations and characterizations in this paragraph are denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Ms. Raza has no knowledge as to the allegations of this paragraph.

66. Ms. Raza has no knowledge as to the allegations of this paragraph.

67. Denied.

68. Ms. Raza has no knowledge as to the allegations of this paragraph.

69. Ms. Raza has no knowledge as to the allegations of this paragraph.

70. Ms. Raza has no knowledge as to the allegations of this paragraph.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

*N.B. The following responses correspond to the numbered paragraphs of the Complaint beginning at the top of page 8, beginning with Mr. Beylin's first paragraph on that page numbered "76".*

76. Ms. Raza has no knowledge as to the allegations of this paragraph.

77. Ms. Raza has no knowledge as to what "[c]ertain persons . . . recognized"; the remaining allegations of this paragraph are denied.

78. Ms. Raza has no knowledge as to the allegations of this paragraph.

79. Ms. Raza has no knowledge as to the allegations of this paragraph.

80. Ms. Raza has no knowledge as to the allegations of this paragraph.

81. Ms. Raza has no knowledge as to the allegations of this paragraph but denies that she in any way participated in the allegations of this paragraph.

82. Ms. Raza has no knowledge as to the allegations of this paragraph.

83. Ms. Raza has no knowledge as to the allegations of this paragraph.

*N.B.: At this point, Mr. Beylin's Complaint contains a numbering error which Ms. Raza intentionally matches. The following responses correspond to the numbered paragraphs of the Complaint beginning at the middle of page 8, beginning with Mr. Beylin's second paragraph on that page numbered "76".*

76. Ms. Raza admits that Mr. Beylin sent her an accusatory message but she has no knowledge as to the location from which he sent the message.

77. Admitted that, after Mr. Beylin on information and belief sent people by email graphic pictures of a sexual nature, and after Mr. Beylin tried to cover up the disgusting thing he had done by accusing Ms. Raza of doing so, and coupled with Mr. Beylin's threatening and intimidating statements and actions toward Ms. Raza, Ms. Raza asked him to leave her alone. Denied as to the quoted response.

78. Denied. Mr. Beylin asked Ms. Raza to meet her and she reluctantly did so, whereupon Mr. Beylin threatened Ms. Raza that unless she aborted her child, he would sue her criminally and civilly.

79. Denied.

80. Denied because there was no threat made by Ms. Raza for Mr. Beylin to construe.

81. Ms. Raza has no knowledge as to the allegations of this paragraph.

82. Ms. Raza has no knowledge as to the allegations of this paragraph.

83. Ms. Raza has no knowledge as to the allegations of this paragraph.

84. Denied. When Mr. Beylin informed Ms. Raza that he was no longer employed by CLSA, even though it was a situation of his own making Ms. Raza nonetheless expressed concern for Mr. Beylin.

85. Denied. Even though Mr. Beylin was the cause of his own situation, Ms. Raza felt sorry for him and she even several times checked in which a friend of his to see if he was all right and if he needed anything.

86. Ms. Raza has no knowledge as to the allegations of this paragraph.

87. Ms. Raza has no knowledge as to the allegations of this paragraph.

88. Denied.

89. Denied. Ms. Raza sent no emails disparaging Mr. Beylin.

90. Denied.

91. Denied. Ms. Raza further notes that her direct communications with Mr. Beylin concerned his non-payment of child support and non-payment of their daughter's medical bills and her communications with business contacts was within the context of litigation concerning determining child support. Ms. Raza further notes that in early August 2015, Mr. Beylin applied for an apartment located less than half a mile from the apartment where Ms. Raza resided, he moved into the apartment a few weeks later, and the parties reside in these same apartments to this day. As of August 6, 2015, the day Mr. Beylin applied for the apartment, Ms. Raza had a stay away order against Mr. Beylin which expired on August 21, 2015.

92. Denied.

93. Denied.

94. Denied.

95. The text of the statute speaks for itself and no response is required.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    The text of the statute speaks for itself and no response is required.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

## Count I: Determination of Non-Dischargeability

127.   Ms. Raza restates and incorporates the answers to all preceding paragraphs as if set forth fully herein.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.  The quoted language was not a ruling by the First Circuit.

140.   Denied.  Paragraph 140 states a conclusion of law.

141.   Denied.

142.   Denied.

143.   Denied.

Debtor denies that Mr. Beylin is entitled to any of the relief sought.  Without limiting the generality of the foregoing, Debtor denies that she has acted in the manner alleged in this Complaint, and/or that her conduct was intentional, willful and malicious, such

that Mr. Beylin's claims would be non-dischargeable pursuant to 11 U.S.C. §523(a)(6) and/or excepted from discharge pursuant to 11 U.S.C. §727(b). Further, Debtor denies that Mr. Beylin has suffered any damages, other than damages of his own making.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The claims are barred, in whole or in part, by the doctrine of unclean hands.

3. If Mr. Beylin suffered any damages, which is denied, those damages were caused by his own conduct.

4. The claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver and/or acquiescence.

5. The claims are barred, in whole or in part, because Mr. Beylin has not suffered any damages.

6. The claims are barred, in whole or in part, because Mr. Beylin's alleged losses were caused by his own conduct and/or the conduct of persons or entities over which Ms. Raza had and has no control or responsibility.

7. The claims are barred, in whole or in part, because Ms. Raza was not the legal and/or proximate cause of Mr. Beylin's alleged injuries.

8. The claims are barred, in whole or in part, because Mr. Beylin seeks to impose liability against Ms. Raza arising out of his own willful, intentional and/or negligent conduct.

9. The claims are barred, in whole or in part, because Mr. Beylin's lawsuit is brought for an improper purpose.

10. The claims are barred, in whole or in part, by the statute of limitations.

11. The parties to this Adversary Proceeding are also the parties in a pending state court matter (Suffolk Superior Court Docket No. 1784-SC-02373), in which Mr. Beylin has asserted the same facts as those alleged in the Complaint to this Adversary Proceeding, and in which Ms. Raza has filed an Answer and Counterclaim. Ms. Raza is entitled to set off any damages Mr. Beylin may recover from her, if he is successful in this Adversary Proceeding and in his state court case, against the damages Ms. Raza may be awarded pursuant to the Counterclaims asserted in the Massachusetts Superior Court action pending between the parties.

12. Ms. Raza hereby gives notice that she intends to rely upon such other and further affirmative defenses as may become available or apparent during discovery and proceedings in this case.

## STATEMENT PURSUANT TO RULE 7012(b)
## OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Debtor hereby states that she does not consent to the entry of final orders or judgment by the Bankruptcy Court.

Respectfully submitted,

ZANUB RAZA, Debtor and Adversary Proceeding Defendant

By her attorneys,

*/s/ Edward J. Neville, III*
Edward J. Neville, III
15 Broad Street  Suite 800
Boston, Massachusetts 02109
Telephone: 617-742-1166
BBO# 369810
Ejn3esq@gmail.com

/s/Christian G. Samito
Christian G. Samito, BBO# 639825
Samito Law, LLC
15 Broad Street, Suite 800
Boston, MA 02109
(617) 523-0144 (telephone)
BBO# 639825
Christian@samitolaw.com

Date: May 4, 2018

CERTIFICATE OF SERVICE

I, Edward J. Neville, III, attorney for the Debtor and Adversary Proceeding Defendant,

Zanub Raza, hereby certify that a true copy of the foregoing Answer to Complaint for

Determination of Non-Dischargeability Pursuant to 11 U.S.C. §523 was served on May 4, 2018,

on the following:

Via the ECF System:

     Jeffrey S. Baker, Attorney for Adversary Proceeding Plaintiff

     Joseph G. Butler, Chapter 7 Trustee

     James Lynch, U.S. Trustee

I served the foregoing documents via first class mail, postage prepaid, to:

     Zanub Raza (Debtor/Adversary Proceeding Defendant)
     One Emerson Place, # 9 - O
     Boston, MA  02114

                         Respectfully submitted,
                         Zanub Raza, Debtor/Adversary Proceeding
                         Defendant,
                         By her attorney,


                         */s/Edward J. Neville, III*
                         Edward J. Neville, III
                         15 Broad Street Suite 800
                         Boston, MA 02109
                         617-742-1166
                         BBO# 369810
                         ejn3esq@gmail.com


                         Dated: May 4, 2018