UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

In Re: Beylin v. Raza　　　　　　　　　　　　　　　　Case/AP Number 18-01040 -FJB
　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter

　　#14 Motion filed by Plaintiff Roman Beylin For Summary Judgment
　　#25 Opposition filed by Defendant Zanub Raza

**COURT ACTION:**

_____ Hearing held

_____ Granted　　　_____ Approved　　　_____ Moot

_____ Denied　　　_____ Denied without prejudice　　　_____ Withdrawn in open court

_____ Overruled　　　_____ Sustained

_____ Continued to _____

_____ Proposed order to be submitted by _____

_____ Stipulation to be submitted by _____

_____ No appearance by _____

Show Cause Order　　　_____ Released　　　_____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

ORDER: For the reasons set forth below, the Plaintiff's Motion for Summary Judgment is hereby denied. The parties shall file their joint pretrial memorandum on or before November 19, 2018.

In this adversary proceeding, Roman Beylin (the "Plaintiff") seeks a judgment pursuant to 11 U.S.C. § 523(a)(6) that the as-yet unadjudicated liability of Zanub Raza (the "Debtor") to him for certain injury she allegedly caused him is excepted from the discharge she has received in her chapter 7 case. Section 523(a)(6) excepts from discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Here, the Plaintiff alleges that the Debtor, a former girlfriend and the mother of his daughter, intentionally sent certain explicit photographs of the Plaintiff to his personal and professional contacts with intent to cause him harm, and that she did cause him harm, including emotional damages, violation of his privacy, and his loss of a high-paying job.

The adversary proceeding is before the Court on the Plaintiff's motion for summary judgment. The Plaintiff seeks judgment primarily on the basis of issue preclusion. The Plaintiff argues that, in a prior action between the parties regarding paternity and support, a state court found that it was the Debtor who had sent the explicit photographs, and from this finding necessarily flow all the findings required to establish the nondischargeability of the resulting liability as arising from willful and malicious injury to himself. In an affidavit she submitted in opposition to summary judgment, the Debtor flatly denies that she sent the photographs.

(Continued on succeeding pages.)

IT IS SO ORDERED:

_/s/ Frank J. Bailey_　　　　　　　　　　　　　Dated: 10/19/2018
Frank J. Bailey
United States Bankruptcy Judge

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. *Miga v. Warren City School District Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892 (1984). Massachusetts law states that In order for the doctrine of collateral estoppel to apply, the court must find the following: (1) that there was a final judgment on the merits in the prior adjudication; (2) that the party against whom estoppel is asserted was a party (or in privity with a party) in the prior adjudication; (3) that the issue decided in the prior adjudication is identical to the one presented in the action in question; and (4) that the issue decided in the prior adjudication was essential to the judgment in the prior adjudication. *Alba v. Raytheon Co.*, 441 Mass. 836, 842, 809 N.E.2d 516, 521 (2004); *In re Marano*, 568 B.R. 726, 729 (Bankr. D. Mass. 2017). Here, close examination of the state court's Rationale and Findings reveals that the issues decided in that adjudication were not identical to the issues presented in this action. Therefore, the motion must fail. (I make no ruling as to whether the state judgment satisfies the other requirements of issue preclusion.)

The starting point of any claim under § 523(a)(6) is that it must be proven that the debtor engaged in conduct or took an act by which she caused "willful" and "malicious" injury to the creditor.

> An injury is malicious 'if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will.' *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir. 1997) (quoting 4 *Collier on Bankruptcy* ¶ 523.12 (15th ed. 1996)). The injury must have been committed in 'conscious disregard of one's duties.' *Id.* Willfulness requires 'a showing of intent to injure or at least of intent to do an act which the debtor is substantially certain will lead to the injury in question.' *In re Neronha*, 344 B.R. 229, 231 (Bankr. D. Mass. 2006).

*Old Republic National Title Ins. Co. v. Lavasseur (In re Lavasseur)*, 737 F.3d 814, 818-19 (1st Cir. 2013). Accordingly, here the Plaintiff must prove (i) that the Debtor sent the offending email, (ii) that in doing so she intended to injure the Plaintiff or at least to do an act which she was substantially certain would lead to the injury in question, (iii) that in doing so she acted wrongfully, without just cause or excuse, and in conscious disregard of her duty.

According to the state court, the matter before it was an assessment of child support against the Plaintiff. In relation to that assessment, the court noted that "[t]he circumstances surrounding [Plaintiff's] loss of employment were . . . contested." In order to determine the proper amount of child support, the state court was required to determine whether the Plaintiff had sent the offending email. The Debtor had alleged that he had sent it himself; the allegation was relevant to the support issue because, had the Court found him to have willfully sabotaged his own earning potential, it could have used the higher potential as a basis for establishing his support obligation. The important point to draw from this is that the issue before the Court was whether *the Plaintiff* had sent the email, not, as here, whether *the Debtor* had sent it. In its findings, the state court judge found, in essence and clearly enough if not quite expressly, that the Debtor had not proven that the Plaintiff sent the email. The judge did not also make a finding as to whether the Debtor had sent it; that issue was not before her. Having determined that the allegation against Plaintiff had not been supported, it became irrelevant who had sent the email.

The Plaintiff's argument is based on the supposition that there are only two possible explanations for the sending of the email—if the Plaintiff did not send it, the Debtor must have sent it—such that a

2

finding that the Plaintiff did not send it amounts to a finding that the Debtor did send it. This supposition does not hold water. There are more conceivable explanations than two.

Much less did the state judge make findings as to willfulness or malice on the part of the Debtor. To be sure, from a finding that the Debtor had sent this email one could infer the necessary willfulness and malice. But the state court stopped short of finding that the Debtor had sent the email. Even if the Court were persuaded that the state court's findings amount to an implicit finding that the Debtor is responsible for sending the email, on summary judgment, the Court must indulge all possible inferences in favor of the non-moving party, and the possible inferences—inferences consistent with a finding that the Debtor sent the email—include some, such as inadvertence, that are not consistent with willfulness and malice.

I conclude that the state court judgment did not determine the above-enumerated requirements of § 523(a)(6).

The Plaintiff also makes an alternative argument for summary judgment, one not based on issue preclusion. Specifically, the Plaintiff has adduced a series of emails to establish that the Debtor sent the email and that she did so with malicious intent, to punish him. However, in an affidavit of her own, the Debtor denies all of these assertions and explains the emails differently. It is clear that there are genuine issues of material fact as to every element, and therefore summary judgment is inappropriate.

In the alternative, the Plaintiff seeks an order pursuant to Fed. R. Civ. P. 56(g) holding that some or all of eleven enumerated facts are not genuinely in dispute and treating them as established in the adversary proceeding. His memorandum does not indicate how each fact is established. He seems to rely for at least some on issue preclusion, but it is not the role of the Court to guess at a party's arguments. This request under Rule 56(g) is accordingly denied as to each enumerated fact.

Even if it were clear that the Plaintiff is relying for these facts on issue preclusion, there would be difficulties with most of them. The two that would be most useful to the Plaintiff are simply not in the state court's findings: "Any allegation or assertion that Raza did not send the E-mail is not credible"; and "Raza sent the explicit E-mail." One is of such generality as to be useless: "Any and all other facts found by the Probate Court in its Rationale and Findings (On Complaint to Establish Paternity filed 12/11/14) entered March 21, 2016." Two are useless because they do not establish that the time during which the Debtor was in the Plaintiff's apartment coincided with the time at which the explicit email was sent: "On August 1, 2014, Zanub Raza ("Raza") was at Beylin's apartment, having stayed overnight"; and "Raza had been left alone in the apartment with Beylin's iPad." Others are contradicted by other facts about timing that the Plaintiff states the record establishes. Specifically, the Plaintiff would have the Court determine that it is established that *beginning at 9:00 a.m.* on the day in question, the Plaintiff began receiving messages about the explicit emails, then called the Debtor to express frustration, and she did not deny sending the email. But the Plaintiff himself states that the record establishes that the explicit email was sent at 9:14 a.m. A failure to deny at 9:05 proves nothing about an event that did not happen until 9:14. For all these reasons, the request under Rule 56(g) is denied.