UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETS

| | |
|---|---|
| ZANUB RAZA,<br><br>Debtor | Docket No. 1:17-bk-14818<br><br>Chapter 7 |
| ROMAN BEYLIN,<br><br>Plaintiff,<br><br>v.<br><br>ZANUB RAZA,<br><br>Defendant | Docket No. 1:18-ap-01040 |

## **STIPULATED PROTECTIVE ORDER**

The parties have stipulated and it is hereby ORDERED as follows:

1. Within 2 business days of the Court's entry of this Order, counsel for the Plaintiff will deliver to TechFusion of 87 Blanchard Road, Second Floor, Cambridge, Massachusetts, the Plaintiff's username and password for his Gmail account (rbeylin@gmail.com) and his iCloud account ([romansbeylin@gmail.com](romansbeylin@gmail.com)) and access to those accounts.

2. TechFusion may then perform an extraction of the Plaintiff's Gmail and iCloud accounts for analysis, which is for the purpose of determining whether the August 1, 2014, e-mail or e-mails containing explicit photographs were sent from the Gmail account, whether the e-mail or e-mails still exist in that account, whether the e-mail or e-mails were deleted from that account, whether other emails were sent containing explicit photographs, whether the photographs were present on the iCloud account at that time the e-mail was sent, whether the photographs still exist in that account, and whether any material was deleted from that account.

3. At this time, TechFusion may not extract or access the current backup of the Plaintiff's iPhone X from the iCloud account. If it is not possible to

perform the extraction process without downloading the iPhone backup, the backup must be immediately deleted upon completion of the extraction.

4. TechFusion may not allow access to or provide to the Defendant or her counsel a copy of the extractions of the Gmail or iCloud accounts except as provided herein.

5. Counsel for the Defendant shall provide to TechFusion and the Plaintiff's counsel any search terms beyond what is described in Paragraph 6. If the Plaintiff objects to any search terms, he may move the Court to determine whether the Defendant has a valid basis under Fed. R. Civ. P. 26(b)(1) for searching the Gmail and iCloud accounts for that term. Subject to any objections, TechFusion may then search the extracted accounts for E-mails and files including those search terms.

6. At present, and without limiting the Defendant's right to seek access to more material only with agreement of the Plaintiff or Court permission, TechFusion will search the Gmail account and iCloud account for emails sent or received from July 27, 2014, to August 7, 2014, and photographs taken between those dates.

7. The E-mails and files identified in paragraph 6 are referred to as the "Initial Results."

8. TechFusion will then search the Initial Results using the following case insensitive regular expressions:

    a. baker*

    b. plaut*

    c. law*

    d. attorney*

9. The results of the search in the previous paragraph are referred to as the "Flagged Results."

10. TechFusion will send the Flagged Results to the Plaintiff's counsel in a reasonably usable format, msg files, or printed PDF files of the emails.

11. Plaintiff's counsel will have 2 business days from receipt of the Flagged Results to review the Flagged Results and identify E-mails and files that it

objects to producing to the Defendant based on privilege or the presence of confidential commercial information. These E-mails and files are referred to as the "Withheld Results."

12. Pursuant to Paragraph 11, Defendant's counsel may then view the Flagged Results excluding the Withheld Results. Defendant's counsel may review the Initial Results, with the Flagged Results excluded, at any time.

13. Plaintiff shall produce within 2 business days from receipt of the Flagged Results a log pursuant to Fed. R. Civ. P. 26(b)(5) identifying the date, author, recipient, privilege(s) invoked, and brief description of each of the Withheld Results. Defendant may move the Court to determine whether the Plaintiff has a valid basis for withholding production. Failure by Plaintiff to produce this log within 2 business days shall result in waiver by Plaintiff.

14. Within sixty (60) days after final termination of the above-captioned action and/or Suffolk Superior Court Civil Action No. 1784CV02373, including without limitation any appeals therefrom, or the running of time to take such an appeal, if later, TechFusion shall destroy all extractions of the Gmail and iCloud accounts. Counsel for the Defendant shall certify in writing that the destruction has been completed. Counsel for the parties and TechFusion shall be entitled to retain any reports produced by TechFusion.

15. Neither the extraction of the Gmail or iCloud accounts by TechFusion nor anything contained within this Protective Order changes the parties' obligations to not spoliate evidence.

16. Counsel for the Defendant will provide TechFusion a copy of this Order. TechFusion agrees to be bound by this Order.

17. This Order will remain in effect pending further order of the Court and without limitation to Defendant's ability to seek permission by the Court to conduct additional searches and analysis.

SO ORDERED.

_____
Bailey, J.

Date: April 9, 2019