

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* ZANUB RAZA, Debtor | Ch. 7<br>17-14818-FJB |
| ROMAN BEYLIN, Plaintiff,<br>*v.*<br>ZANUB RAZA, Defendant | Adversary Proceeding<br>18-01040-FJB |

**Proceeding Memorandum**

**MATTER:**
#92 Motion filed by Defendant Zanub Raza For Summary Judgment.

**Decision set forth more fully as follows:**
Hearing held. In this adversary proceeding Roman Beylin ("Beylin") seeks a judgment pursuant to 11 U.S.C. §523(a)(6) that a debt owed to him by Zanub Raza ("Raza") is not subject to discharge under 11 U.S.C. §727(a). Section 523(a)(6) provides that "[a] discharge . . . does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Beylin alleges that Raza, a former girlfriend and the mother of his daughter, intentionally sent certain explicit images of Beylin to his personal and professional contacts causing him to lose his high-paying job.

Raza has now moved for summary judgment on two grounds. First, she claims that she is entitled to judgment because Beylin cannot succeed on his claims if he cannot prove that Raza sent the offending email that is at the heart of his case. Second, Raza has merged her motion under Fed.R.Civ.P. 56, made applicable by F.R.Bankr.P. 7056, with a request for judgment as a sanction against Beylin under F.R.Civ.P. 37(e), made applicable by F.R.Bankr.P. 7037(e), because she argues that Beylin intentionally destroyed electronic evidence that is not recoverable and that prejudices her ability to defend the case. At the hearing I determined that evidence is required to determine the Rule 37(e) motion and that the evidentiary hearing will be merged with any trial on the merits of this case.

Assuming without deciding that Raza is correct that Beylin cannot succeed on his claim if he

cannot prove that Raza sent the offending email, Raza argues that she is entitled to judgment as a matter of law. She goes on to argue that there is no evidence that she sent the email because (a) no one saw her do it, (b) the electronic evidence to prove that she sent it does not exist, and (c) despite evidence from which the trier of fact could infer that she sent it, Raza claims that no such inference can be made. I disagree and therefore deny the motion for summary judgment. Summary judgment is appropriate when, taking the facts in a light most favorable to the non-moving party, "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). In deciding the motion I draw all reasonable inferences in favor of the non-moving party. Inferences can, of course, be drawn from circumstantial evidence. There is evidence in the record that Raza had the means and opportunity to send the email, that she was motivated to cause him harm, and that the email was sent on a morning where she had access to his iPad and had been logged onto the network while in his apartment. These facts are material and raise a genuine issue as to whether Raza sent the offending email. None of this is to say that when witnesses testify that Beylin will carry his burden on the issues raised under 11 U.S.C. § 523(a)(6). That remains to be seen at trial.

As noted above and at the hearing, the request for a sanction against Beylin under F.R.Civ.P. 37(e)(2)(C) (authorizing dismissal of an action as a sanction for intentional and irremediable destruction of evidence that prejudices a party's defense) requires the admission of evidence at a hearing that will be consolidated with the trial on the merits.

By the Court,

*Frank J. Bailey*

Frank J. Bailey
United States Bankruptcy Judge

Dated: 8/27/2019