UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETS

| | |
|---|---|
| ZANUB RAZA,<br><br>Debtor | Docket No. 1:17-bk-14818 |
| ROMAN BEYLIN,<br><br>Plaintiff,<br><br>v.<br><br>ZANUB RAZA,<br><br>Defendant | Docket No. 1:18-ap-01040 |

**OPPOSITION OF DEBTOR ZANUB RAZA TO ROMAN BEYLIN'S
MOTION IN LIMINE (DOC. 176) AND CROSS-MOTION TO PRECLUDE
<u>ADMISSIBILITY OF THE SUBJECT DOCUMENTS</u>**

Zanub Raza ("Raza") hereby opposes the Motion in Limine filed by Roman Beylin ("Beylin") requesting that this Court deem certain documents produced by FMR Co, Inc. and FMR LLC (collectively, "Fidelity") to be records of regularly conducted activity. Raza further moves this Court to preclude the admissibility of these documents.

Beylin's own descriptions of these documents reveal that they should be barred as hearsay and that they are *not* admissible pursuant to the business record exception at Fed. R. Evid. 803(6). The documents at issue comprise summaries of a special Fidelity "investigation" (the thoroughness and accuracy of which Raza highly contests) and thus they are not records made in the course of a *regularly* conducted business activity. Instead, these special records concern a very unusual issue: an email to which was attached photographs Beylin had taken of

1

himself masturbating which he accuses Raza of sending (the "Email"). Moreover, these summaries were made by Fidelity in anticipation and/or directly for use in litigation which precludes their admission pursuant to the business record exception.[1]

Beylin makes his motion because he cannot use these documents without the testimony of their authors but he cannot call these authors because of his own untimely disclosure of them. Beylin waited until May 24, 2019, to supplement his Rule 26(a)(1) disclosure to name two Fidelity employees – Scott Olsen ("Olsen") and Wayne Pronzati ("Pronzati") – and Fidelity itself as fact witnesses. Fact discovery closed on March 19, 2019, nearly two months earlier. Beylin knew the identity of these witnesses at least as of August 2018 because their names appear in his filings from that time. Pursuant to Fed. R. Civ. P. 26(e)(1)(A), made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7026, supplementation of Rule 26A disclosures are to be made "in a timely manner[.]" Disclosing known fact witnesses two months after the close of fact discovery is not supplementation "in a timely manner[.]" Because he knows it would be highly prejudicial for the Court to allow him to call these late-disclosed individuals as fact witnesses, Beylin seeks to circumvent the result of his mistake by asking this Court simply to admit these documents as business records. Doing so would cause great prejudice to Raza: in that event not only would the Court be considering inadmissible documents, Raza also would have no ability to examine their authors.

In a separate effort to circumvent his woefully untimely fact witness disclosure, Beylin has also named Olsen, Pronzati, and Fidelity as his experts even though none of them are qualified to give expert testimony (Olsen, for example, has a B.A. in criminal justice and

---

[1] Both Beylin and Fidelity, in Doc. 180, seek to convert these documents into records of a regularly conducted business activity simply because a Keeper of Record affidavit authenticates them as such. Raza does not contest that Fidelity produced these documents as it maintained them but them but the contents of these documents show very clearly that they are not records of a regularly conducted business activity.

completed a forensic accounting graduate certificate program, neither of which are germane to this case) nor did Beylin properly disclose them as experts. Additionally, if they were proper experts who had been adequately disclosed, their testimony should be considered as improperly cumulative because Beylin wants to use them to say the same thing that his hired expert will say and thus barred by Fed. R. Evid. 403. Fidelity has filed a Motion to Quash at Doc. 180 and Raza seconds its contents except for the point she makes in Footnote 1 above.

Note that Raza uses a scalpel here: she is not seeking to strike a Fidelity login credential document, for instance, concerning the Fidelity-issued laptop that she used on the morning at issue in this case. That document falls within the business record exception at Fed. R. Evid. 803(6) and Raza has no objection to it. Beylin, though his expert, can and should proffer his own analysis on the meaning of that login data in conjunction with the metadata on the Email. Beylin should not, however, be permitted to rely on Fidelity's litigation-driven opinions to support *his* case on which *he* has the burden of proof. Beylin already has argued to this Court in a highly prejudicial manner – and Raza anticipates he plans to do so again at trial – that because Fidelity judged her guilty after conducting a cursory and self-protective "investigation," this Court should do so as well. As Fidelity notes at Doc. 180, p. 6, it did not apply any legal standard in this "investigation." Raza has not objected to Beylin's use of the raw data on which Fidelity relied – it is contained in documents within the business record exception – and it is for Beylin and his expert to use that data in those documents to meet his burden of proof.

Where "the inference of reliability that comes from adherence to routine practice is absent" from a record, the business record exception dos not apply to it. *United States v. Cecil*, 615 F.3d 678, 690 (6th Cir., August 10, 2010). Nothing about the Email at issue in this case, or anything related to it including but not limited to this special Fidelity "investigation," could be

3

considered regular or routine. The documents at issue here were created in an isolated and highly specialized circumstance that precludes their admissibility pursuant to Fed. R. Evid. 803(6).

Additionally, where the documents concern some undertaking made in anticipation of litigation they likewise are not admissible pursuant to the business record exception. *House of Clean, Inc. v. St. Paul Fire & Marine Ins. Co.*, 775 F. Supp. 2d 302, 315 (D.Mass. May 27, 2011) (declining to find documents admissible pursuant to Fed. R. Evid. 803(6) because they were "made in anticipation of litigation which, in turn, renders them less trustworthy than if they had been made in the 'regular course' of business"); *see also Hook v. Regents of the Univ. of Cal.*, 394 Fed. Appx. 522, 531 (10th Cir. Sept. 13, 2010); *Certain Underwriters at Lloyd's v. Sinkovich*, 232 F.3d 200, 205 (4th Cir. Nov. 2, 2000) (while "routine and habitual patterns of creation lend reliability to business records," the "absence of trustworthiness is clear, however, when a report is prepared in the anticipation of litigation because the document is not for the systematic conduct and operations of the enterprise but for the primary purpose of litigating"); *Scheerer v. Hardee's Food Sys.*, 92 F.3d 702, 706-707 (8th Cir., August 12, 1996) (holding that an "incident report was inadmissible as a business record under Fed. R. Evid. 803(6)" because it "lacks reliability or trustworthiness because it was not made in the ordinary course of business but instead with the knowledge that the incident could result in litigation"); *Deloach Marine Servs., LLC v. Marquette Transp. Co., LLC*, 2019 U.S. Dist. LEXIS 20720, *6 (E.D. La. Feb. 18, 2019) (rejecting investigation documents because "they lack trustworthiness as documents created primarily for future litigation" and "[b]ecause the . . . documents were not created in the course of a regularly conducted business activity, they are inadmissible as business records."); *165 Park Row, Inc. v. JHR Dev., LLC*, 2013 U.S. Dist. LEXIS 167677, *8 (D. Me. Nov. 25,

2013) ("Records created by a business in anticipation of litigation do not meet the requirements of Rule 803(6)," citing *United States v. James*, 712 F.3d 79, 89 (2d Cir. 2013)).

"Where, as here, a party generates computer reports for litigation purposes, such reports are generally inadmissible." *Augat, Inc. v. Collier*, 1996 U.S. Dist. LEXIS 2702, *15 (D. Mass. Jan. 22, 1996); *see also Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2nd Cir. October 5, 1994) (cited by *Augat*) ("Data prepared or compiled for use in litigation are not admissible as business records."). Fidelity's so-called "executive summary" and "Summary Findings, High Level" documents offer compilations of data and conclusory opinions without any exhibits or underlying evidentiary support. There is no way to test the accuracy of all the data contained. They were created in connection with litigation involving Fidelity. Accordingly, they fall outside the business record exception.

These documents should not be relied on by the Court for an additional reason: Beylin plans to make it seem like they contain expert opinion but an examination of them reveals that there is absolutely no identification of what "reliable principles and methods," if any, have been used in creation, nor any showing as to whether and/or how such principles and methods have been applied to the facts of the case. *But see* Fed. R. Evid. 702. Instead, these documents offer conclusions without methodology, explanation, or support. The executive summary document, which is undated and does not identify its author, offers an opinion that Raza sent the Email on the basis of the Email and her Fidelity log in both contain IP 24.218.7.146 and it was created for the purposes of defending Fidelity from a lawsuit from Raza (a Muslim woman who was also pregnant at the time). There is no reason why Beylin's expert, who has this same information in documents that fall within the business record exception, cannot offer an expert opinion on his own.

In short, the documents at issue are precluded from admissibility because they were not made in the ordinary course of business. Instead, they are self-serving and unreliable documents created as part of a sham "investigation" wherein Fidelity wanted to rid itself of an embarrassing situation – the Beylin/Raza breakup and the Email imbroglio – and protect itself from an anticipated lawsuit from a pregnant Muslim woman. To the extent Beylin wishes to cloak the documents with some kind of expert status, as Raza anticipates he will try to do, his expert has the raw data as contained in Fidelity documents that are within the business record exception. Accordingly, Beylin's expert should proffer his expert opinion subject to cross examination.

Finally, if Beylin wanted to use these documents, he should have disclosed timely the witnesses he needed to create admissibility. Beylin utterly failed to do so and this Court should not protect him from the consequences of that mistake, and especially not when he already has an expert who is expected to offer an opinion based on the admissible raw data involved.

For the reasons above, Raza respectfully requests that the Court deny Beylin's motion in limine at Doc. 176 and preclude the admissibility of these documents.

Respectfully submitted,

ZANUB RAZA.

By her attorneys,

*/s/ Christian G. Samito*
Christian G. Samito,
Samito Law, LLC
15 Broad Street, Suite 800
Boston, MA 02109
(617) 523-0144 (telephone)
BBO# 639825
Christian@samitolaw.com

*/s/ Edward J. Neville, III*
Edward J. Neville, III
15 Broad Street, Suite 800
Boston, Massachusetts 02109
Telephone: 617-742-1166
BBO# 369810
Ejn3esq@gmail.com

Dated: March 11, 2020

**CERTIFICATE OF SERVICE**

I, Christian G. Samito, attorney for the Debtor and Adversary Proceeding Defendant, Zanub Raza, hereby certify that a true copy of the foregoing was served on March 9, 2020, on the following:

Via the ECF System:

    Jeffrey S. Baker, Attorney for Adversary Proceeding Plaintiff

    Patrick Groulx, Attorney for Adversary Proceeding Plaintiff

    Joseph G. Butler, Chapter 7 Trustee

    John P. Fitzgerald III, U.S. Trustee

I served the foregoing documents via first class mail, postage prepaid, to:

    Zanub Raza (Debtor/Adversary Proceeding Defendant)
    One Emerson Place, # 9 - O
    Boston, MA  02114

    Respectfully submitted,
    Zanub Raza, Debtor/Adversary Proceeding Defendant,
    By her attorney,

    */s/* Christian G. Samito
    Christian G. Samito
    Samito Law, LLC
    15 Broad Street
    Suite 800
    Boston, MA 02109
    617-523-0144
    BBO# 639825
    christian@samitolaw.com

Dated: March 11, 2020