

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* <br><br> **ZANUB RAZA,** <br>    Debtor <br><br> **ROMAN BEYLIN,** <br>    Plaintiff, <br><br> *v.* <br><br> **ZANUB RAZA,** <br>    Defendant | Ch. 7 <br> 17-14818-FJB <br><br><br> Adversary Proceeding <br> 18-01040-FJB |

**Proceeding Memorandum and Order**

**MATTER:**
#180 Motion filed by Interested Parties FMR Co., Inc., FMR LLC to Quash Trial Subpoenas with certificate of service. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8) (Steinberg, Victoria)
#185 Response filed by Defendant Zanub Raza. (Samito, Christian)
#191 Opposition  filed by Plaintiff Roman Beylin   (Groulx, Patrick)

**Decision set forth more fully as follows:**
Hearing held on March 18, 2020.

By this motion, non-parties FMR LLC and FMR Co., Inc. (collectively, "Fidelity") request that the Court quash "all trial subpoenas issued by Plaintiff Roman Beylin to Fidelity" and its employees. Beylin opposes the motion and defendant Zanub Raza has filed a brief in support of the motion. Prior to this bankruptcy case, Beylin sued Raza, both former employees of Fidelity, in state court for a variety of claims that centered on a key fact: he alleges that Raza sent an inappropriate email that cost him his job. That fact is now at the heart of this adversary proceeding.  In the state court litigation, Beylin served non-party discovery on Fidelity and Fidelity produced nearly 10,000 pages of documents in response. Those documents concern an investigation of Raza as to whether she sent the inappropriate email.  The investigation was to determine whether she should be dismissed or disciplined for violation of Fidelity's standards of employee conduct.   Now, Beylin

has served a series of subpoenas on Fidelity directing that certain witnesses to appear at trial. The subpoenas are as follows:

1. Subpoena to "Designee Most Knowledgeable" of FMR LLC and FMR Co., Inc., seeking testimony on matters set forth on an attached schedule;
2. Subpoena to the Keeper of Records of FMR Co., Inc. and FMR LLC.;
3. Subpoena to Julie Burns, a Fidelity employee;
4. Subpoena to Wayne Pronzati, a Fidelity employee; and
5. Subpoena to Scott Olsen, a Fidelity employee.

For reasons stated at the hearing, the court allowed the motion to quash the subpoena to the "Designee Most Knowledgeable" of FMR LLC and FMR Co., Inc. The process that Beylin seeks to use in this subpoena, a notice to the corporate representative of Fidelity, is a process that is permitted under Fed.R.Civ.P. 30(b)(6) for discovery, but it is not permitted in connection with a trial subpoena. Beylin also withdrew the subpoena to Julie Burns in open court. The remaining issues relate to the subpoenas directed at Olsen, Proznati and the Keeper of the Records of Fidelity.

Fidelity argues that Olsen and Pronzati should not be required to attend the trial. It contends that the subpoenas to them are unduly burdensome under Fed.R.Civ.P. 45(d)(3)(iv), made applicable by Fed.R.Bankr.P. 9016. Its reasoning is that the employees have no relevant information, that it has already provided records and an affidavit authenticating those records as business records, and that it is improper for Beylin to ask these witnesses expert opinion questions. Thus, Fidelity takes the view that the employees would be required unnecessarily to alter their work schedules both to prepare for their testimony and to provide it at trial, which is unduly burdensome. As to Olsen, I disagree. Olsen has provided an affidavit and Raza contests the facts asserted therein. Raza should have the chance to cross examine him on the affidavit's assertions. Moreover, Olsen interviewed Raza at length. She made statements to him that would be admissible as non-hearsay and are relevant to the core issue in this action under 11 U.S.C. §523(a). Finally, at the hearing, in an effort to address the alleged undue burden, I offered Fidelity the option of having Olsen attend a trial deposition in lieu of appearing at the trial, but Fidelity demurred. Pronzati is a different story. Proznati did not offer an affidavit and did not interview Raza. As I have ruled separately, records with his observations are admissible under the business records exception to the hearsay rule and those records will be authenticated by Olsen. I have also ruled that Beylin may not seek expert opinions from Olsen and Proznati. Thus, there is no reason for Pronzati to attend the trial. For these reasons the motion to quash as to Olsen is denied and the motion as to Pronzati is allowed.

Fidelity argues that the Keeper of the Records subpoena should be quashed. It contends that the subpoena is unduly burdensome under Fed.R.Civ.P. 45(d)(3)(iv), made applicable by Fed.R.Bankr.P. 9016. In light of my ruling that Olsen will attend the trial and because he has already served as the witness to authenticate the records of Fidelity, he will attend the trial in this capacity as well. Having Olsen serve double duty will avoid any undue burden on Fidelity.

Raza has filed a brief in support of Fidelity's motion to quash. The brief largely repeats the arguments and authorities stated in Raza's opposition to Beylin's motion in limine and her cross-motion. Because I have issued a memorandum of decision adjudicating those motions, I need not address Raza's brief further here.

By the Court,

Frank J. Bailey
United States Bankruptcy Judge

Dated: 3/26/2020