**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re Zanub Raza, | ) | Case No. <u>17-14818</u> |
|     Debtor | ) | Chapter 7 |
| _____ | ) |  |
|  | ) |  |
| Roman Beylin, | ) |  |
|     Plaintiff, | ) |  |
|  | ) |  |
|     v. | ) | A.P. No. <u>18-01040</u> |
|  | ) |  |
| Zanub Raza, | ) |  |
|     Defendant | ) |  |
| _____ | ) |  |

## MOTION TO CONTINUE TRIAL, EVIDENTIARY HEARING, AND RELATED DEADLINES
### (Request for Expedited Determination)

**COMES NOW** Zanub Raza, the Defendant in the above-captioned matter, and pursuant to MLBR 5071-1 respectfully moves this Honorable Court to continue the trial, the evidentiary portion of [92] Defendant's Motion for Summary Judgment (request for sanctions), and related deadlines set out in [230] Supplemental Order, for approximately 120 days to such date and time as may be convenient for the parties and the Court. Expedited determination is requested pursuant to MLBR 9013-1(g)(1)(B), as the first of the affected deadlines is less than two weeks away.

In support thereof, the Defendant states as follows:

<u>PROCEDURAL HISTORY</u>

1. This adversary proceeding was commenced by the Plaintiff on April 4, 2018.

2. On August 1, 2018, the Plaintiff filed a [14] Motion for
   Summary Judgment.  The Motion was heard on September 18,
   2018, and denied on October 19, 2018.

3. On November 13, 2018, this Court allowed the Defendant's [47]
   Motion for a 5-month extension of deadlines to allow for a
   forensic examination of evidence and for depositions to take
   place.

4. On February 15, 2019, this Court allowed the parties' [66]
   Joint Motion to extend expert discovery.

5. On April 25, 2019, this Court allowed [84] Defendant's
   Assented Motion to further extend expert discovery by three
   weeks.

6. On June 25, 2019, the Defendant filed her [92] Motion for
   Summary Judgment.  Plaintiff's [97] Assented Motion to extend
   response deadlines was allowed on June 28, 2019.  Plaintiff's
   [118] Motion to Continue the hearing was allowed on August 1,
   2019.

7. On August 27, 2019, after an hour-long hearing, this Court
   denied Defendant's Motion for Summary Judgment, while
   reserving on the Defendant's request for sanctions, which
   required taking evidence.  The evidentiary portion was
   ordered consolidated with the trial on the merits.

8. On December 2, 2019, this Court denied the [141] Defendant's
   Motion to Abstain.

9.  The first trial date in this matter was scheduled for March 23, 2020, and later rescheduled sua sponte to commence on March 24, 2020.

10. On March 18, 2020, this Court allowed [199] Defendant's Motion to Continue trial due to an attorney's medical issue.

11. The trial was rescheduled to commence on September 16, 2020.

12. On August 12, 2020, this matter was ordered to mediation, and the trial was rescheduled to December 14, 2020.

13. On August 24, 2020, the trial was rescheduled to an earlier date of November 23, 2020, to accommodate Defendant's school schedule.

14. On October 23, 2020, the undersigned Attorney Dmitry Lev filed an appearance on behalf of the Defendant.

15. On October 26, 2020, Attorneys Neville and Samito filed their [240] Motion to Withdraw as Attorneys for Defendant.

16. The trial remains scheduled to commence on November 23, 2020, with deadlines for witness information and exhibits to be delivered to the Court on November 9 and 16, 2020, respectively.

## ARGUMENT

17. A continuance is imperative to permit the newly entering counsel to familiarize himself with the matter, which includes a docket with 240 entries, two motions for summary judgment that are 100+ and 200+ pages each, multiple

deposition transcripts, several hour-long hearings, and all other related trial materials.

18. While predecessor counsel have made expedient efforts to mail the case file to the undersigned and to provide certain materials via email, the undersigned has not yet retrieved the mailing, and in any event will require significant time to meaningfully absorb the materials, follow up with witnesses, prepare the exhibit binders, and take other steps to prepare for trial, all of which cannot be accomplished in 2-weeks' time (minding the first deadline of November 9, 2020), especially given the undersigned's existing obligations on his other open matters.

19. As it appears from the docket, both sides have previously made requests for continuances or to extend time.

20. The Defendant previously filed a single Motion to continue the trial date (the March 24, 2020 date) due to predecessor counsel's medical issue at the onset of the pandemic.

21. Another request to reschedule to accommodate Defendant's school schedule was submitted within the [227] Joint Statement, and this request resulted in an **earlier** trial date.

22. The other delays or postponements are equally attributable to both sides fully litigating this matter: two motions for

summary judgments, multiple complex discovery issues, and
mediation.

23. Thus, it cannot be said that any of the delays or
postponements were in any manner attributable to bad faith on
behalf of the Defendant, or that the Defendant has made
excessive requests.

24. In addition, there does not appear to be any prejudice to the
Plaintiff, whose related matter in Suffolk Superior Court has
been stayed: Phase 2 of the resumption of jury trials in
Massachusetts Superior Courts will not occur until February
of 2021 at the earliest[1], and at that point first priority
will be given to criminal matters for juries of twelve, of
which there is a significant backlog.

25. The Defendant has not abused this court's timeline with
respect to this case, and has not requested excessive
continuances or postponements.  The Defendant has expressed a
willingness to mediate, to stipulate to various matters
(including to entry of judgment of nondischargeability, with
conditions), all to ultimately encourage meaningful
settlement discussions.

---

[1] Superior Court Standing Order 9-20: Fourth Updated Protocol Governing
Superior Court Operations During the Coronavirus (COVID-19) Pandemic
(https://www.mass.gov/doc/superior-court-standing-order-9-20-fourth-updated-
protocol-governing-superior-court-operations/download)

26. Accordingly, Defendant now requests a reasonable and
    necessary 120-day continuance in order for the undersigned
    newly retained counsel to meaningfully prepare for trial.

27. On October 23, 2020, the undersigned newly appearing counsel
    for the Defendant held a conference with both counsel for the
    Plaintiff to discuss this request pursuant to MLBR 9013-1(b)
    in order to "make a reasonable and good faith effort to
    determine whether or not the motion is unopposed."
    Plaintiff's counsel indicated that Plaintiff does not assent
    to this Motion.


**WHEREFORE**, Defendant respectfully moves this Honorable
Court to continue the trial in this matter, the evidentiary
portion of [92] Defendant's Motion for Summary Judgment (request
for sanctions), and related deadlines set out in [230]
Supplemental Order, for approximately 120 days to such date and
time as may be convenient for the parties and the Court.

Respectfully submitted,
Zanub Raza, Defendant,
By her Attorney,
/s/  Dmitry Lev
Dmitry Lev, Esq. BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net

                                    Dated:  October 26, 2020

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|                              |     |                        |
|------------------------------|-----|------------------------|
| In re Zanub Raza,            | )   | Case No. <u>17-14818</u> |
|     Debtor | )   | Chapter 7              |
| _____ | )   |                        |
|                              | )   |                        |
| Roman Beylin,                | )   |                        |
|     Plaintiff, | )   |                        |
|                              | )   |                        |
|     v.   | )   | A.P. No. <u>18-01040</u> |
|                              | )   |                        |
| Zanub Raza,                  | )   |                        |
|     Defendant | )   |                        |
| _____ | )   |                        |

## CERTIFICATE OF SERVICE

I, Dmitry Lev, hereby certify that on October 26, 2020, in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court, I electronically filed the foregoing documents in this matter with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system.  On information and belief, a Notice of Electronic Filing was transmitted to the following CM/ECF participants electronically:

- For Plaintiff Roman Beylin:  Jeffrey S. Baker, Patrick Michael Groulx
- For Defendant Zanub Raza:  Edward J. Neville, III, Christian G. Samito

Pursuant to MEFR 9, "Transmission by the Court of the 'Notice of Electronic Filing' constitutes service or notice of the filed document…"

Respectfully submitted,
/s/  Dmitry Lev
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net

Dated:  October 26, 2020