UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re Zanub Raza, | ) | Case No. <u>17-14818</u> |
|     Debtor | ) | Chapter 7 |
| ──────────────────── | ) |  |
|  | ) |  |
| Roman Beylin, | ) |  |
|     Plaintiff, | ) |  |
|  | ) |  |
|     v. | ) | A.P. No. <u>18-01040</u> |
|  | ) |  |
| Zanub Raza, | ) |  |
|     Defendant | ) |  |
| ──────────────────── | ) |  |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO AMEND WITNESS LIST AND FOR LEAVE TO SERVE TRIAL SUBPOENAS

**COMES NOW** Zanub Raza, the Defendant in the above-captioned matter, and submits the within reply to Plaintiff's Opposition to her Emergency Motion to Amend Witness List and for Leave to Serve Trial Subpoenas.

Two points require clarification.

First, it is disinguous for Plaintiff to suggest that the Defendant previously decided to forgo calling Fidelity witnesses and that this has been in place for over two years. This is because the issue that gave rise to the instant Emergency Motion was only decided on April 21, 2020, which was **after** the first set of trial dates came and went, as the initial trial dates in March 2020 were continued for medical reasons.

As stated in the Emergency Motion, initially this Court denied admissibility of opinion evidence within Fidelity's business records. Had this remained the law of the case, Defendant would not need to disturb the witness list or serve additional subpoenas. However, the balance of equities changed on April 21, 2020, when this Court allowed Plaintiff's Motion for Reconsideration, granting leave to treat Fidelity as a non-retained expert, and allowing opinion evidence from Fidelity's business records to be admitted. This was only decided on April 21, 2020, and this ruling fundamentally changed the state of the evidence in this case, two years after this AP was initiated. In short, Defendant must be able to challenge the opinion evidence and must be able to cross-examine the Fidelity personnel.

Second, contrary to Plaintiff's assertions in his Opposition, on November 11, 2020, Attorney Baker specifically said, "I do not care at this point whether you want to examine Fidelity." See Exhibit A, attached herewith. Thus, Defendant's statement that Plaintiff "had no position on the Defendant seeking to call additional Fidelity witnesses at trial" was perfectly proper and accurate.

Respectfully submitted,
Zanub Raza, Defendant,
By her Attorney,
/s/   Dmitry Lev
Dmitry Lev, Esq. BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net

Dated:  November 17, 2020

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re Zanub Raza, | ) | Case No. <u>17-14818</u> |
|     Debtor | ) | Chapter 7 |
| _____ | ) |  |
|  | ) |  |
| Roman Beylin, | ) |  |
|     Plaintiff, | ) |  |
|  | ) |  |
|     v. | ) | A.P. No. <u>18-01040</u> |
|  | ) |  |
| Zanub Raza, | ) |  |
|     Defendant | ) |  |
| _____ | ) |  |

## CERTIFICATE OF SERVICE

I, Dmitry Lev, hereby certify that on November 17, 2020, in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court, I electronically filed the foregoing documents in this matter with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system. On information and belief, a Notice of Electronic Filing was transmitted to the following CM/ECF participants electronically:

- For Plaintiff Roman Beylin: Jeffrey S. Baker, Patrick Michael Groulx
- For Interested Parties FMR Co., Inc. and FMR, LLC: Victoria L. Steinberg

Pursuant to MEFR 9, "Transmission by the Court of the 'Notice of Electronic Filing' constitutes service or notice of the filed document…"

Respectfully submitted,
<u>/s/ Dmitry Lev</u>
Dmitry Lev, Esq.
BBO # 665236
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472
(617) 556-9990 office
(617) 830-0005 fax
dlev@levlaw.net

Dated: November 17, 2020